PEOPLE v. WILSON.

(Supreme Court, General Term, First Department.   December 16, 1892.)

CRIMINAL LAW—APPEAL—DISMISSAL—WANT OF PROSECUTION.

Where a defendant, in default in a criminal case, in prosecuting an appeal, asks that the appeal be retained until the next term, stipulating that if he is not then ready it may be dismissed, an excuse at that time that he had been unable, with due diligence, to procure the stenographer's notes in time to comply with the stipulation will not suffice to prevent a dismissal.

Motion by the state to dismiss an appeal taken by Sylvester F. Wilson in a criminal action.   Granted.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

D. Nicoll, for the motion.

J. D. Hallen, opposed.

PER CURIAM.   When a motion was made at the last term to dismiss this appeal, an affidavit was filed in which it was distinctly stated that the appeal might be dismissed, unless the defendant was ready for argument at the present term.   Although the defendant was seriously in default, so much so that in a civil case he would not have been relieved, the court yielded to the earnest solicitations of counsel, and agreed to give him one more opportunity of presenting his case.   Another motion has now been made to dismiss, and again it appears that the defendant has been derelict.   The stipulation which he made in accordance with his own offer after our decision has not been complied with, and again he appeals for the exercise of further discretion to enable him to delay the hearing of this appeal.   The defendant states in his affidavit that he has been unable, with due diligence, to obtain the stenographer's notes in time to comply with the stipulation; but he should have thought of this before he deliberately offered to enter and entered into such stipulation.   When he asked the court to make the order in question, he knew just what he would have to do with reference to obtaining the stenographer's notes.   He says that the assistant district attorney agreed to take the case at a day later than that specified in the stipulation; but he furnishes us with no such agreement in writing, and the fact that the district attorney presses this motion indicates very clearly that the suggestion of a verbal agreement is disputed.   There has been most unreasonable and persistent delay and inactivity in bringing on this appeal; and the only activity which the court has observed on

the part of the appellant is the unauthorized and improper communications which he persists in addressing to the judges,—communications which his counsel, if he were aware of them, should have prevented. We think that this appeal must be dismissed.